IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID TEAGUE, | ) | |
| Movant, | ) ) ) | |
| vs. | ) ) | Civil Case No. 09-3292-CV-S-RED |
| UNITED STATES OF AMERICA, | ) ) | Crim. Case No. 06-3042-01-CR-S-RED |
| Respondent. | ) ) | |

## ORDER

Before the Court is Petitioner David Teague's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1). After consideration, Petitioner's motion is **DENIED**.

## BACKGROUND

On March 9, 2006, a federal grand jury returned a single-count indictment charging Petitioner David Teague (hereinafter "Petitioner") with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). On April 17, 2007, Petitioner pleaded guilty to the indictment without a plea agreement, and on September 7, 2007, Petitioner was sentenced to 180 months incarceration. Petitioner appealed on September 24, 2007, and both the judgment and sentence were affirmed by the Eighth Circuit Court of Appeals. The U.S. Supreme Court denied Petitioner's petition for a writ of certiorari on May 4, 2009, and Petitioner filed the instant motion on August 3, 2009.

## ANALYSIS

Petitioner presents a number of arguments for review, including allegations of ineffective assistance of counsel, prosecutorial misconduct, violations of the Fourth and Fifth Amendments, and lack of subject matter jurisdiction. For the reasons stated herein, the Court finds Petitioner's

arguments are without merit.

## I. Ineffective Assistance of Counsel

To establish an ineffective assistance claim, Petitioner must prove that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) that the deficient performance prejudiced him so as to deprive him of fair proceedings. *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To satisfy a showing of deficiency, a petitioner must show that counsel failed to exercise the skills and diligence a reasonably competent attorney would have exhibited given the circumstances. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1994). To establish prejudiced performance, a petitioner must show that there is a reasonable probability that, but for counsel's unreasonable professional errors, the results of the proceeding would have been different. *See id.* Because Petitioner pled guilty, he must also prove "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Mathews v. United States*, 114 F.3d 112, 113-14 (8th Cir. 1997).

Petitioner claims his counsel was ineffective because: (1) counsel never challenged the indictment despite "knowing it was incorrect and improper" because "it alleged a crime that never happened," (2) counsel failed to adequately investigate, (3) counsel failed to challenge "the sending of a known criminal acting as a government agent" to petitioner's property, (4) counsel failed to accuse the government of a crime, (5) counsel failed to challenge the government's use of a wired informant, and (6) counsel "refused to take any action on the behalf of the client."

All of Petitioner's ineffective assistance allegations effectively amount to a few points

2

restated in different ways. First, Petitioner believes counsel was ineffective for failing to challenge the indictment because it "allege[s] a crime that never happened." Petitioner's basis for this statement appears to be that the indictment alleges Petitioner possessed and sold the firearm in Oregon County, Missouri, while Petitioner claims the events that led to his arrest and conviction actually occurred in Howell County, Missouri. Both counties are located in the southeast portion of the Western District of Missouri, and therefore this Court had jurisdiction over this action regardless of which of the two counties the events in question ultimately took place. *United States v. Brown*, 287 F. App'x 515, 516 (6th Cir. 2008) ("The county identification [i]s not a necessary part of the charging language of the indictment" when "the indictment satisfied the jurisdictional element by stating that the offense took place in the [correct federal judicial district court]."). In addition, Petitioner fails to explain how this distinction prejudiced him or affected his substantial rights in any way. *See id.* (noting that conviction and sentence were proper in case where the indictment alleged crime occurred in the incorrect county because indictment still sufficiently set forth the elements of the offense and apprised Petitioner of the charges against him). Petitioner ultimately pleaded guilty to the offense, and he presents nothing which suggests he would not have pleaded guilty if counsel had challenged the county identification language in the indictment.

Petitioner's second batch of ineffective assistance arguments all revolve around his allegation that the government acted improperly, violated his constitutional rights, and ultimately committed a crime by invading Petitioner's property. None of these allegations have merit. It appears from the record that Petitioner met with an undercover officer and confidential informant, and during the course of that meeting Petitioner led the operatives to a vehicle located on Petitioner's property and sold them a gun that was in the vehicle's trunk. Petitioner claims the operatives violated his Fourth

3

Amendment rights by being on his property, and that the taping of the transaction violated his Fifth Amendment rights. However, Petitioner offers no details or factual support for his allegations, nor does he indicate how counsel rendered ineffective assistance for failing to pursue any arguments or defenses on such grounds. The Court finds nothing from the record or Petitioner's allegations that indicates any constitutional violation occurred,[1] much less ineffective assistance of counsel.

Petitioner also argues counsel was ineffective for failing to challenge the Armed Career Criminal enhancement Petitioner received for his multiple prior felony convictions, but he offers no credible argument as to how the application of the enhancement was improper. Petitioner had an extensive criminal history, and the Eighth Circuit upheld Petitioner's Armed Career Criminal enhancement on direct appeal. *See United States v. Teague*, 310 F. App'x 62 (8th Cir. 2009). The Court finds counsel did not provide ineffective assistance with regard to this point.

Finally, the remainder of Petitioner's allegations all revolve around his claim that counsel somehow failed to adequately investigate the case. To a large extent, Petitioner's allegations of failure to investigate incorporate the already discredited arguments about the county identification

---

[1]
While the presentence investigation report indicated Petitioner invited the operatives to his property, Petitioner claims in his reply brief that he did not consent to having them there. Under either situation, Petitioner has alleged no constitutional violation. "The Fourth Amendment protects people from unreasonable searches of their home and buildings within the home's curtilage, but police officers may enter a resident's property to observe buildings located outside the home's curtilage." *United States v. Mooring*, 137 F.3d 595, 596 (8th Cir. 1998). Petitioner's allegation that the operatives violated his Fourth Amendment rights merely by being present on his property is insufficient to establish a violation, particularly because Petitioner failed to allege any search of a building or anything within the home's curtilage on his property, and he specifically led the operatives to a vehicle on the property to retrieve a firearm from the trunk and sell it to the government agents.

As for Petitioner's claim that the audio taping of the transaction on his property violated his Fifth Amendment rights, Petitioner again makes only a bare allegation of a violation and offers no viable support for his claim. Petitioner does not argue the conversation with the operatives was compulsory or involuntary, nor does he offer any other credible argument indicating his Fifth Amendment rights were violated. As such, the Court finds no Fifth Amendment violation. *See United States v. Davis*, 646 F.2d 1298, 1302 (8th Cir. 1981) ("Where a defendant's conversations with an informant are voluntary and the informant's presence was wholly voluntary, admissions made by the defendant do not violate the fifth amendment privilege against compulsory self-incrimination.").

language in the indictment and the alleged constitutional violations. To the extent Petitioner claims ineffective assistance for failure to investigate other avenues or defenses, he failed to identify anything that should have been investigated further or argued to the Court, much less explain how he was prejudiced by any such failure to investigate.

The Court finds counsel provided competent assistance, and Petitioner was not prejudiced by any of counsel's actions or inactions. Petitioner's ineffective assistance claims are denied.

## II.     Prosecutorial Misconduct

Petitioner's second argument is a general allegation of prosecutorial misconduct. Included in this broad allegation are claims that the prosecutor withheld a tape of the recorded transaction until the last minute; the government agents engaged in coercion, entrapment, and a criminal conspiracy; and the prosecutor allowed the U.S. Probation Office to falsify information in the pre-sentence investigation report. None of these arguments have any merit. While Petitioner claims he received the tape recording of the firearm transaction at the "last minute," he admits he got the tape, and he fails to explain how the timing of when he got the tape made any difference in the proceedings. As to the allegations of coercion, entrapment, and criminal conspiracy, Petitioner never fully elaborates how he was coerced, entrapped or what the criminal conspiracy entailed. To the extent Petitioner is claiming coercion or entrapment when the agents entered his property and used a wire to record the sale of the firearm, Petitioner failed to offer any evidence of a constitutional violation. The presentence investigation report revealed that Petitioner invited the government operatives onto his property, and subsequently sold the operatives a firearm that was located in the trunk of a vehicle on the property. Petitioner offers nothing to counter the contents of the report. Finally, Petitioner also alleges the Probation Office falsified the presentence investigation report with regard to Petitioner's prior felony convictions and the Armed Career Criminal enhancements. As noted, the Eighth Circuit already upheld the enhancements, and

Petitioner offers nothing new that would indicate the enhancements were improper.

After review, the Court finds Petitioner failed to allege any conduct that would amount to improper action or prosecutorial misconduct in this instance.

### III.     Subject Matter Jurisdiction

Finally, Petitioner also argues the Court was without subject matter jurisdiction to convict and sentence him. As part of this claim, Petitioner again references his argument that the incorrect county identification language in the indictment affected his rights and left this Court without jurisdiction. As previously noted, this argument is without merit. *See Brown*, 287 F. App'x at 516.

Petitioner also argues the Court did not have jurisdiction because he never possessed the firearm. However, Petitioner admits in his motion that the firearm was on his property and that he was aware of its presence, and he ultimately pleaded guilty to the offense. *See United States v. Smart*, 501 F.3d 862, 865 (8th Cir. 2007) ("Constructive possession of the firearm is established where the suspect 'has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself.'"). Petitioner presented nothing indicating the Court did not have subject matter jurisdiction over this action.

### CONCLUSION

For the reasons stated herein, Petitioner David Teague's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED** (Doc. 1).

**IT IS SO ORDERED**.

DATED:     November 4, 2009          */s/ Richard E. Dorr*
                                      RICHARD E. DORR, JUDGE
                                      UNITED STATES DISTRICT COURT